UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUG AUSTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>SHELL WAMBLE-FISHER and ASHLEY DOWELL,<br><br>    Defendants. | Case No. 1:12-cv-00479-BLW<br><br>**ORDER** |

      This action began as a multi-plaintiff civil rights lawsuit, where eight inmates alleged that they suffered retaliatory termination from their volunteer positions in the Life Transitions Program (LTP) at the Idaho State Correctional Institution (ISCI), a prison program allowing inmates to aid ill inmates housed in the infirmary for long-term care, hospice care, and/or terminal medical conditions. The Court determined that each inmate should file a separate lawsuit so that the factual allegations of each inmate could be adequately reviewed by the Court, but that the parties would be permitted to pay a proportional share of the original filing fee. The present Amended Complaint (Dkt. 1) was filed by Plaintiff Doug Austin in response to the Order.

ORDER - 1

## REVIEW OF AMENDED COMPLAINT

**1.     Standard of Law**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint should also be dismissed under Rule 8 of the Federal Rules of Civil Procedure if the factual allegations are not "plausible," but merely "conceivable." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

Plaintiff brings most of his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A prison official is not liable under § 1983 unless he or she personally participated in the alleged constitutional violations or, as a supervisor, knew of and failed to prevent those violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ORDER - 2

### 2. Retaliation Claim

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). A "chilling effect on First Amendment rights" is enough to state an injury. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001). On the other hand, bare assertions of a retaliatory motive are insufficient to state a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 533 n.4 (9th Cir. 1985) (footnote omitted).

Plaintiff will be permitted to proceed against Ms. Wamble-Fisher and Ms. Dowell on claims that they terminated him from his position as a volunteer in the LTP out of retaliation for Plaintiff being a witness for another inmate in a civil rights action and for speaking out against their unlawful conduct.

### 3. First Amendment Free Exercise Claim

The First Amendment Free Exercise Clause absolutely protects the right to believe in a religion, but it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296 (1940). Inmates clearly retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections

**ORDER - 3**

system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation omitted). The courts, therefore, must balance prisoners' First Amendment rights against the goals of the correctional facility. *Bell v. Wolfish*, 441 U.S. 520 (1979). Particularly, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 87 (1987).

Plaintiff alleges that he is a Christian, and that Defendants' decisions to reduce the religious activities and terminate him from the LTP resulted from their desire to curtail Christian worship at the prison, in violation of the First Amendment Free Exercise Clause. Liberally construed, Plaintiff's amended complaint states a cause of action for First Amendment religious freedom violations, and he will be permitted to proceed on these claims against Defendants.

**4.     RLUIPA Claim**

The Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000 cc- 1(a). The RLUIPA applies to entities receiving federal financial

assistance. *Id.* at (b) (1). The United States Supreme Court recently upheld the constitutionality of RLUIPA. *See Cutter v. Wilkinson*, 544 U.S. 709 (2005).

Under RLUIPA, the inmate bears the initial burden of showing that the prison's policy constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). If the inmate "establishes the prima facie existence of such a substantial burden, . . . [prison officials] shall bear the burden of persuasion to prove that any substantial burden on [the inmate's] exercise of his religious beliefs is both 'in furtherance of a compelling governmental interest' and the 'least restrictive means of furthering that compelling governmental interest." *Id.* at 995 (quoting 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)). RLUIPA is to be construed broadly in favor of protecting an inmate's religious rights. *Id.*

Liberally construed, Plaintiff's allegations that Defendants reduced Christian religious activities at the prison state a RLUIPA claim upon which he can proceed.

**5.      Equal Protection Claim**

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Plaintiff alleges that Ms. Wamble-Fisher and Ms. Dowell terminated Plaintiff, reduced Christian activities, and removed the LTP from the chapel because of

discrimination against him as a Christian. Liberally construed, Plaintiff has stated an equal protection claim against Defendants upon which he may proceed.

**6.     Conclusion**

Plaintiff may proceed on those claims set forth above. These claims have been gleaned from both the body of the Amended Complaint and the paragraphs entitled Count I, II and II.

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each claim.

Plaintiff's Motion for in Forma Pauperis Status will be denied because Plaintiff had over $1,000 pass through his account in a little over one year. (Dkt. 15, 16 in 1:11-cv-00605-BLW.) Plaintiff will be required to pay one-eighth of the $350 filing fee, which is $43.75, within the next 60 days. In addition, Plaintiff is responsible for serving the Complaint, together with a Summons, on Defendants within the next 120 days.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 15 in 1:11-cv-00605-BLW) is DENIED. Plaintiff is required to pay one-eighth of the statutory filing fee of $350.00, which is **$43.75**, within 60 days after entry of this Order.

2. The Clerk of Court shall provide Plaintiff's counsel with (1) summonses for service of process upon the Defendants against whom he has been authorized to proceed; and (2) a copy of the Notice of a Law Suit and Request to Waive Service of Summons (attached to the end of this Order). Plaintiff shall obtain a waiver of service from, or service or effect formal service upon, Defendants within 120 days after entry of this Order, or claims against unserved Defendants shall be dismissed without prejudice.

3. The parties shall not engage in any discovery until an answer has been filed. Within thirty (30) days after an answer has been filed, the parties shall provide each other with the following voluntary disclosures: all relevant information pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log

sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information. If, instead of filing an answer, Defendants file a motion to dismiss under Federal Rule of Civil Procedure 12, disclosures and discovery shall be automatically stayed with the exception that Defendants shall submit with any motion to dismiss for failure to exhaust administrative remedies a copy of all grievance-related forms and correspondence, including a copy of original handwritten forms submitted by Plaintiff that either fall within the relevant time period or that otherwise relate to the subject matter of a claim.

4. Each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a

document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

5. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

6. Discovery shall not be filed with the Clerk of Court, but shall be exchanged between parties, only, as provided for in the Federal Rules of Civil Procedure. Motions to compel discovery shall not be filed unless the parties have first attempted to work out their disagreements between themselves.

7. No party may have more than three pending motions before the Court at one time, and no party may file a motion on the same subject matter if he or she has another motion on the same subject matter currently pending before the Court.

8. Plaintiff shall notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

**ORDER - 9**



DATED: **April 8, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 10**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| _____,<br><br>                Plaintiff(s),<br><br>    v.<br><br>_____,<br><br>                Defendant(s)<br><br>    v.<br><br>_____,<br><br>                Third-Party Defendant(s)<br>                (*Use if needed*.) | Civil Action No. _____<br><br><br><br>**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

To _____:
*(Name the defendant–or if the defendant is a corporation, partnership, or association, name an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days
(*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*)
from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date _____

_____
  (Signature of the attorney or of the pro se party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**